UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:13-CV-2763 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DEBORAH ST. CLAIR, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Charles D. Copeland filed this action in the Stark County Court of Common Pleas against United States Office of Personnel Management (OPM) Paralegal Specialist Deborah St. Clair, seeking back pay, compensatory, and punitive damages. (Doc. No. 1-1.) St. Clair removed this action to this Court and filed a motion to substitute the United States as defendant with respect to any tort claims being asserted. (Doc. No. 5.) That motion is GRANTED. Both St. Clair and the United States filed motions to dismiss. (Doc. Nos. 6 and 7.) St. Clair also filed a motion to declare plaintiff a vexatious litigator. (Doc. No. 8.) Plaintiff has responded to the motion to declare him a vexatious litigator (Doc. No. 9), and has also moved to remand the case to state court (Doc. No. 10), which St. Clair opposes. (Doc. No. 12.)

I. **Background**

Copeland's complaint is very disjointed. He first indicates his former spouse, Janet Copeland, is in contempt of court for failing to comply with an order of the Summit County Domestic Relations Court. (Doc. No. 1-1 at 5.) He then states the Summit County Domestic

Relations Court retained jurisdiction to consider support issues and that authority was not delegated to St. Clair, a paralegal. (*Id*.) After noting that jurisdiction is proper because the post office operates in Ohio and is therefore not above state law, he concludes without context, "allegations in a petition that a certain party, were guilty of WANTON MISCONDUCT should not be stricken on motions by these defendants where statements in the petition suggest contributory negligence [] would be raised in the charge of negligence[.]" (*Id*.) Copeland demands back pay, compensatory, and punitive damages. (*Id*. at 6.) He does not include any legal claims in the body of his pleading. Instead, in the case caption he lists, "appeal of an adverse decision . . . determination in case no 1999-08-1882 . . . workmans comp determination of disability POST OFFICE LIABLE FOR INJURY AND PAY . . . ABUSE OF PROCESS, PRACTICE LAW WITHOUT [LICENSE] CONTEMPT OF COURT OF COURT ORDERS DEALING WITH DISABILITY . . . PREVIOUS PAY ON DISABILITY WAS @ 2,900 make plaintiff whole with damages 2-4 times amount and back pay." (*Id*. at 4.)

From the documents attached to the complaint, a clearer picture emerges. The Summit County Domestic Relations Court entered final judgment in 2002 on Janet Copeland's complaint for divorce. (Doc. No. 1-1 at 8.) The court found that Janet Copeland was entitled to a portion of plaintiff's civil service retirement benefits and set forth a calculation for the division of these benefits. (*Id*.) It appears that St. Clair later processed Janet Copeland's claim for the court-ordered portion of plaintiff's civil service retirement benefits, and plaintiff is challenging that action. (*Id*. at 7.) In a letter to plaintiff apprising him of Janet Copeland's claim for benefits, St. Clair summarized the order of the Summit County Domestic Relations Court and represented that OPM "intend[s] to honor the court's former spouse's survivor annuity award." (*Id*.)

2

## II.     <u>Motions to Dismiss</u>

The United States and St. Clair each filed a motion to dismiss pursuant to Rules 4(m), and 12(b)(1), (2), (3), (5), and (6) of the Federal Rules of Civil Procedure. Both contend they have not been properly served with the complaint as required by Fed. R. Civ. P. 4(m), which entitles them to dismissal under Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(5) for insufficient service of process. (*See* Doc. No. 6-1 at 61-63.)

In addition, the United States asserts Copeland failed to establish subject matter jurisdiction, requiring dismissal of the action under Fed. R. Civ. P. 12(b)(1). (Doc. No. 6-1 at 63.) When, as here, a federal employee acts within the scope of her employment and commits a tort, any relief for that tort must be sought against the United States under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671-2680, which provides the exclusive remedy for such claims. The United States asserts that Copeland did not exhaust his administrative remedies as required by 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a). (*Id.* at 65-66.) Filing an administrative claim prior to filing an action under the FTCA is a non-waivable pre-requisite for subject matter jurisdiction in federal court. Because Copeland did not exhaust his administrative remedies, his claims must be dismissed.

Furthermore, the United States contends that, to the extent Copeland is attempting to challenge the amount of his retirement benefits, the Court also lacks subject matter jurisdiction to consider his claim. (Doc. No. 6-1 at 67.) Congress enacted a statutory scheme of administrative remedies to contest federal civil service retirement benefits. First, Copeland must bring his dispute before the OPM. (*Id.*) If he is unhappy with its decision, he can bring an administrative appeal before the Merit System Protection Board ("MSPB"). (*Id.* at 68.) Congress gave exclusive jurisdiction to review decisions of the MSPB to the United States Court of

3

Appeals for the Federal Circuit. (*Id*.)

In addition to these arguments, St. Clair further asserts venue is not proper in the Northern District of Ohio. (Doc. No. 7-1 at 82.) She argues venue is proper only in any jurisdiction in which the defendant resides, or in the jurisdiction where a substantial part of the events giving rise to claim took place. She contends she is a resident of the District of Columbia and all of the actions she performed relative to this case took place in the District of Columbia. (*Id*. at 83.)

Finally, St. Clair asserts Copeland failed to state a claim for relief and she is entitled to dismissal under Fed R. Civ. P 12(b)(6). (*Id*.) She contends Copeland's complaint does not meet the basic pleading requirements of Fed R. Civ. P. 8, and aside from the tort claim for abuse of process, fails to identify a cognizable legal cause of action. She claims she is entitled to dismissal of the complaint on this basis as well.

### III.  Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for lack of subject matter jurisdiction of claims asserted in the complaint. A Rule 12(b)(1) motion to dismiss an action for lack of subject matter jurisdiction may be premised on a facial or factual attack. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997), *aff'd in part by Ohio Hosp. Ass'n v. Shalala*, 201 F.3d 418 (6th Cir. 1999). If the motion presents a facial attack, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598. In contrast, if the motion presents a

4

factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness. *Ritchie*, 15 F.3d at 598; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers*, 798 F.2d at 915 (emphasis in original).

A.     **Federal Tort Claims Act**

Copeland's complaint contains only one clearly discernable legal cause of action, abuse of process, which was listed in the case caption. Copeland attached to his complaint a letter from St. Clair notifying him that the OPM had implemented a Domestic Relations Court order, giving Copeland's ex-wife a portion of his pension. (Doc. No. 1-1 at 7.) He contends this was an abuse of process, a tort claim arising under state law.

The United States contends that Copeland's abuse of process claim is inadequate to satisfy federal subject matter jurisdiction. This presents a facial attack on jurisdiction, and as such, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the Plaintiff.

At the outset, the United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1). Congress defined the exact terms and conditions upon which the government may be sued, and the terms of the United States' consent define the

5

parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976).

Accordingly, when a federal employee commits a tort while acting within the scope of his employment, any private remedy for that tort must be sought against the United States under the FTCA alone. 28 U.S.C. § 2672 (liability will generally hold "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). Pursuant to the Westfall Act, the United States stands in the shoes of its employees whose negligent or wrongful acts in the course of their federal employment caused an injury. 28 U.S.C. § 2679(b)(1). The Act effectively "shields federal employees from liability for common law torts committed within the scope of employment." *Henson v. Nat'l Aeronautics Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994).

FTCA claims "shall be forever barred unless [they are] presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). The timely filing of an administrative claim is thus a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008).

Here, Copeland does not indicate that he exhausted these administrative remedies by filing his claim with the appropriate federal agency within two years after his claim accrued. A plaintiff in federal court has the burden of establishing this Court's jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Because Copeland has not exhausted his administrative remedies, he has not established this Court's jurisdiction, and his abuse of process claim must be dismissed under Rule 12(b)(1) for lack of subject matter

jurisdiction.

B.    **Challenge to Benefits**

The United States also asserts this Court lacks jurisdiction over any claim challenging Copeland's Civil Service Retirement Benefits.

Copeland received a letter from St. Clair, which he attached to his complaint, and provides in relevant part:

> By court order your former spouse's marital share of your retirement benefit is 50% of 17.5 years of service during the marriage divided by 34 years 10 months of Federal service or 25.11% of your retirement benefit. The marital share times your gross annuity benefit of $2619.00 provides for a $657.63 monthly payment to your former spouse. Your former spouse's benefit starts with your annuity payment of 120111.

(Doc. No. 1-1 at 7.) Copeland also attached the divorce decree, which indicates his former spouse is entitled to a portion of Copeland's pension through the United States Postal Service equal to 50% of the benefit amount multiplied by a coverture fraction, the numerator of which is the years of marriage and the denominator of which is his years of service with the USPS. (*Id.* at 10.) The decree grants his former spouse support, and the court retained jurisdiction to modify the support if he became disabled. (*Id.* at 11.) Copeland contends only the domestic relations court, not a paralegal, can implement these directives. (*Id.* at 5.) He further states that he is receiving worker's compensation and that worker's compensation "does not stand as a bar from holding employer liable for injury or abuse of process, or practice law without [license], in which agency is liable for actions of [St. Clair] for acts of contempt of court, and obstruction." (*Id.* at 5.) Providing an extremely generous construction of these statements, it is possible that Copeland may be attempting to contest the calculation of his former spouse's portion of his pension.

To the extent this is Copeland's intent, the Court lacks jurisdiction over the claim.

7

The OPM is required to adjudicate all claims arising under the Federal Employees' Retirement System (FERS). 5 U.S.C. § 8461(c). If an employee is unhappy with the decision of the OPM, he may appeal to the Merit Systems Protection Board (MSPB). 5 U.S.C. § 8461(e)(1). The MSPB is the final administrative agency to review the calculation of annuities before a claimant may seek judicial review before the Court of Appeals for the Federal Circuit, the sole forum for such review. 5 U.S.C. § 7703(b)(1); *see Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 773-74, 105 S. Ct. 1620, 84 L. Ed. 2d 674 (1985); *United States v. Fausto*, 484 U.S. 439, 443-44, 108 S. Ct. 668, 98 L. Ed. 2d 830 (1988). In order to seek judicial review, however, there must be "final agency action." 5 U.S.C. § 704. When a claimant does not exhaust his remedies through the MSPB, there is no final agency action, and the claimant cannot seek judicial review. *United States v. Chang*, 53 F.3d 340, at *2 (9th Cir. 1995). If Copeland is attacking the pension division calculation, this Court lacks jurisdiction to consider his claim.

Construing the complaint broadly, it is also possible Copeland is challenging his disability benefits as he states in his case caption that he is filing an "appeal of an adverse decision by agency." (Doc. No. 1-1 at 4.) Although he mentions several times he is permanently disabled and that he received $2,900 per month while out of work on disability, he fails to explain the relevance of his disability benefits to his domestic relations case. Nevertheless, to the extent Copeland is attempting to seek review of these benefits, this Court is without jurisdiction to consider this claim.

Authority to administer, interpret and enforce the provisions of Federal Employees Compensation Act ("FECA"), including the grant, denial or modification of compensation awards, is vested exclusively in the Office of Worker's Compensation Programs ("OWCP") through the Secretary of Labor. 20 C.F.R. § 10.0(b), 10.1; 5 U.S.C. § 8128.  OWCP

8

determinations of law and fact regarding compensation for federal disability status are not reviewable in federal court. 5 U.S.C. § 8128(b); *Lindahl*, 470 U.S. at 780. Consequently, Copeland cannot collaterally attack an OWCP determination in this action.

## IV.  Fed. R. Civ. P. 12(b)(3) and (b)(6)

Because Copeland has not established that the Court has subject matter jurisdiction over his sole cognizable claim of abuse of process, the Court need not address the motions to dismiss for improper venue[1] or for failure to state a claim on which relief can be granted. While Copeland lists in his case caption claims for practicing law without a license and contempt of court orders, these are not causes of action that can be brought by a private litigant in a civil suit in federal court. Practicing law without a license would be a state law matter, governed by the laws of the District of Columbia, where St. Clair resides. Similarly, any claim for contempt of the orders of the domestic relations court would fall under that court's jurisdiction. Copeland does not have a federal cause of action to enforce a domestic relations order against a third party. Because the Court has already determined that it lacks subject matter jurisdiction over the only cognizable claims in the complaint, it need not consider these alternative bases for dismissal.

## V.  Motion to Remand Case to State Court

Copeland filed a motion requesting that this case be remanded to state court, where he originally filed it. (Doc. No. 10.) A defendant may remove "any civil action brought in

---

[1] Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action. A resident of Washington, D.C., St. Clair performed all the actions described in the complaint in Washington, D.C. Therefore, even if Copeland had asserted a valid claim for relief, the proper venue under § 1391(b) would be the District of Columbia, not the Northern District of Ohio.

a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1442(a)(1) provides that a civil action that is commenced in state court and that is brought against the United States or any agency of the United States or any of its officials, whether sued in their official or individual capacities, for or relating to any act under color of such office may be removed. Removal of this action to federal court was proper.

## VI.  Motion to Declare Plaintiff a Vexatious Litigator

Finally, St. Clair requests that this Court declare Copeland a vexatious litigant. She notes that United States District Court Judge Pearson, in her decision dismissing Copeland's claims in *Copeland v. Donahue*, No. 5:12 CV 0541, 2012 WL 6738699, at *6 (N.D. Ohio Dec. 29, 2012), recognized that Copeland had fourteen cases dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief could be granted.[2] Judge Pearson cautioned Copeland that if he continued to file patently frivolous lawsuits, the court may declare him to be a vexatious litigant, enjoining him from filing additional actions without leave of court.

While the Court is very tolerant of legal filings from *pro se* litigants, it will not permit any litigant to use the Court's resources to address filings clearly designed to harass the

---

[2] In addition to *Copeland v. Donahue*, No. 5:12 CV 541 (N.D. Ohio Dec. 29, 2012), plaintiff filed the following cases which were dismissed under either 28 U.S.C. § 1915(e), or were determined to be so attenuated or incomprehensible as to deprive the Court of subject matter jurisdiction: *Copeland v. United States*, No. 5:12 CV 650 (N.D. Ohio Apr. 11, 2012); *Copeland v. City of Akron*, No. 5:12 CV 365 (N.D. Ohio Apr. 16, 2012); *Copeland v. City of Akron*, No. 5:12 CV 352 (N.D. Ohio Apr. 19, 2012); *Copeland v. Copeland*, No. 5:10 CV 2704 (N.D. Ohio Jan. 28, 2011); *Copeland v. Potter*, No. 5:09 CV 1730 (N.D. Ohio Dec. 31, 2009); *Copeland v. I.R.S.*, No. 5:08 CV 2768 (N.D. Ohio Apr. 30, 2009); *Copeland v. City of Akron*, No. 5:07 CV 594 (N.D. Ohio Apr. 10, 2007); *Copeland v. Ohio Div. of Motor Vehicles*, No. 5:07 CV 67 (N.D. Ohio Apr. 10, 2007); *Copeland v. Ohio Div. of Motor Vehicles*, No. 5:06 CV 1438 (N.D. Ohio Aug. 16, 2006); *Copeland v. Akron Bd. of Educ.*, No. 5:04 CV 2206 (N.D. Ohio Nov. 19, 2004); *Copeland v. Ohio Div. of Motor Vehicles*, No. 5:03 CV 827 (N.D. Ohio June 10, 2003); *City of Akron v. Copeland*, No. 5:03 CV 599 (N.D. Ohio Apr. 14, 2003) (remanding traffic ticket proceeding to state court); *Copeland v. Office of Workers' Comp.*, No. 5:98 CV 447 (N.D. Ohio Apr. 6, 1998).

10

Court or opposing counsel. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

In filing this action in state court, Copeland may have believed he was complying with Judge Pearson's advice. Accordingly, the Court shall not declare plaintiff a vexatious litigator at this time. He is cautioned, however, that he cannot circumvent the Court's vexatious litigation prohibitions merely by filing an action against a federal officer or agent in state court, as that action is likely to be removed to federal court.

11

**VII.**    <u>**Conclusion**</u>

   For all the foregoing reasons, defendants' motion to substitute the United States as defendant is GRANTED. Copeland's motion to remand is DENIED. Defendants' motions to dismiss are GRANTED and this action is DISMISSED. St. Clair's motion to declare plaintiff a vexatious litigator is DENIED. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.


    **IT IS SO ORDERED**.


Dated: July 11, 2014                          _____
                 **HONORABLE SARA LIOI**
                 **UNITED STATES DISTRICT JUDGE**